UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY EUGENE THOMAS,<br><br>    Petitioner,<br><br>  v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>    Respondent.<br>_____/ | No. C 12-6012 SI (pr)<br><br>**ORDER TO SHOW CAUSE RE. CUSTODY** |

Tommy Eugene Thomas has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2009 conviction in Monterey County Superior Court for assault with a deadly weapon. According to his petition, the charge was reduced to a misdemeanor, for which he was sentenced to 240 days in jail on January 30, 2009. Docket # 1, p. 2. The return address he uses does not appear to be a prison or jail address. He alleges that he is in custody serving the term, *id.*, but does not state the nature of that custody.

Thomas does not appear to satisfy the requirement that he be "in custody" on the conviction he is attempting to challenge. The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Carafas,* 391 U.S. at 238. It is not necessary that a prisoner be physically confined to meet the custody requirement. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). In general, custody is satisfied where the sentence imposed "significantly restrain[s] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). For

example, a petitioner on parole, *see id.* at 241-43, or on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005), at the time of filing is considered to be in custody.  "It is well-established that 'once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are *not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) (italics in source); *see, e.g., id.* at 958-59 (California law which requires convicted narcotics offenders to register with state authorities does not constitute severe restraint on physical liberty sufficient to constitute custody); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law which requires convicted sex offenders to annually register with state authorities does not constitute severe, immediate restraint on physical liberty sufficient to constitute custody); *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (revocation of medical license based upon petitioner's conviction does not satisfy custody requirement for petitioner who filed petition after unconditional release from probationary period); *see also Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d. Cir. 1983) (where sentence of unconditional discharge entailed neither imprisonment, fine, nor probation supervision, judge's removal from bench, loss of right to practice law and disqualification from licensure as agent insufficient to constitute custody); *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (inability to pursue certain professions, to possess firearms, and status of recidivist if another crime committed not custody). The petition suggests that Thomas does not meet the custody requirement on the conviction he charges.  Although he checked the box on the form indicating he is in custody, he also stated that the sentence of less than a year was imposed back in 2009, and should have been completed long before the filing of this action.

/ / /

/ / /

1    Accordingly, Thomas is hereby ordered to show cause why his petition should not be
2 dismissed for lack of custody.  Thomas must file a written response to this order to show cause
3 no later than **January 11, 2013**, and may label it a "response to order to show cause."  The
4 response must be no longer than eight pages in length, and should explain how he meets the
5 custody requirement.  Failure to file the response by the deadline will result in the dismissal of
6 this action.

7    IT IS SO ORDERED.
8 DATED: December 17, 2012

                                              SUSAN ILLSTON
                                         United States District Judge